RITA ROSENBERG, PLAINTIFF-RESPONDENT, v. BOROUGH CORDIAL SHOP, INC., ETC., DEFENDANT.

PAUL C. CAVALIERE, JR., STATUTORY RECEIVER, ETC., RESPONDENT, AND ALFRED B. TOLSON, CREDITOR-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 19, 1964—Decided October 30, 1964.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. Marvin H. Gladstone* argued the cause for creditor-appellant (*Mr. Waller H. Jones,* attorney).

*Mr. Howard Berowitz* argued the cause for receiver-respondent (*Messrs. Nouhan, Goldberg & Berowitz,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. A. D. This is an insolvent corporation proceeding in which Alfred B. Tolson a creditor of the corporation appeals from an order confirming the receiver's sale of the corporate assets including a liquor license.

The corporation was adjudicated insolvent and a statutory receiver appointed in an *ex parte* summary proceeding held under the provisions of *N. J. S. A.* 14:14–3 *et seq.* Included in the corporate assets was a plenary retail distribution liquor license issued by the Borough of Wanaque. After the adjudication of insolvency, the issuing authority pursuant to *N. J. S. A.* 33:1–26 had the receiver's name endorsed on the license.

Appellant has not appealed from the adjudication of insolvency and appointment of a statutory receiver, or the order directing a sale of corporate assets as such. His basic contention on this appeal is that a statutory receiver has no power to sell a liquor license and that the court may not confirm such a sale. Appellant's contention is based on the provisions of *N. J. S. A.* 33:1–26, the pertinent part of which is as follows:

"In case of death, bankruptcy, receivership or incompetency of the licensee, or if for any other reason whatsoever the operation of the business covered by the license shall devolve by operation of law upon a person other than the licensee, the director or other issuing authority may, in his or its discretion, extend said license for a limited time, not exceeding its term, to the executor, administrator, trustee, receiver or other person upon whom the same has devolved by operation of law as aforesaid. *Under no circumstances, however, shall a*

*license, or rights thereunder, be deemed property, subject to inheritance, sale, pledge, lien, levy, attachment, execution, seizure for debts, or any other transfer or disposition whatsoever*, except to the extent expressly provided by this chapter." (Emphasis added)

In substance, appellant's argument is that the license herein was seized in a creditor proceeding and sold "upon the auction block" in a forced sale, in direct violation of the foregoing statutory provision against seizure and sale.

█ The contention is without merit. The prohibition in *N. J. S. A.* 33:1–26 against seizure and sale is not pertinent to a receivership proceeding. The section specifically provides that in case of the receivership of the licensee, the license may be extended to the receiver by the director or other issuing authority for a limited time not exceeding its term.

In *The Boss Co. v. Board of Comm'rs of Atlantic City,* 40 *N. J.* 379 (1963), our Supreme Court, after noting that *section* 26 provides for an extension of the license to, *inter alia,* a receiver of the licensee, stated the following:

"* * * If the license is extended, the holder thereof can exercise the same rights as the original licensee, and by * * * converting the license into money by consenting to a person-to-person transfer, * * * the assets available for creditors of a financially troubled licensee will be increased. * * *" (at *p.* 385)

█ This language clearly indicates that a receiver of a liquor licensee, upon the extension of the license to him as receiver, may realize the monetary value of said license by consenting to a transfer thereof, said transfer, of course, being subject to the approval of the issuing authority.

A liquor license has been declared to be a legal interest in the nature of an economic asset having monetary value. *Boss, supra,* at *p.* 385. No sound reason appears why a receiver of a licensee should not be permitted to realize such value in the administration of the insolvent estate. *Cf. Moore v. Fairview Mausoleum Co.,* 39 *N. J. Super.* 309, 317–318 (*App. Div.* 1956).

Affirmed.